# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE FARM FIRE AND CASUALTY )
COMPANY a/s/o PAMELA G. )
MEZARAUPS, )
                               )
                 Plaintiff, )
                               )
    V.                           )      C.A. NO. N17C-05-168 CEB
                               )
WARD MANUFACTURING, LLC, )
A Delaware Limited Liability Co.; )
LC HOMES, INC., a Delaware Corp.; )
LC HOMES DELAWARE, INC., a )
Delaware Corp.; LOUIS CAPANO & )
ASSOCIATES, INC., a Delaware Corp.; )
H&R HEATING & AIR CONDITIONING, )
INC., a Delaware Corp.; BROTHER'S )
INC.; BROTHER's INC. a/k/a )
BROTHER's ELECTRICAL )
CONTRACTORS OF DELAWARE, )
INC. a/k/a BROTHER's ELECTRICAL )
CONTRACTORS OF PENNSYLVANIA, )
INC.; and ROYAL SERVICE )
CORPORATION, a Delaware Corp., )
                               )
             Defendants. )

Date Submitted: August 18, 2017
Date Decided: November 20, 2017

## ORDER
*Upon Defendant LC Homes, Inc.'s Motion to Dismiss.*
**DENIED.**

Before the Court is a Motion filed by Defendant LC Homes, Inc. to dismiss the Complaint as to it. Finding the Motion to be premature at this stage, the Motion is **DENIED**. In support thereof, it appears to the Court that:

1. In 2007, Pamela Mezaraups purchased a new home at 147 Haut Brion Avenue in Newark, Delaware. In June 2015, there was a fire that caused substantial damage to the residence.

2. Plaintiff State Farm insured the residence and paid on a claim by Ms. Mezaraups. It now seeks to recoup those expenses and has filed suit against those entities it believes were involved in the construction, sale or warranties on the property and its improvements. It appears that State Farm takes the position that the fire was caused by an electrical storm and an improper electrical grounding system.

3. Defendant LC Homes, Inc. was named as a defendant along with, *inter alia,* LC Homes Delaware, Inc. and Louis Capano and Associates, Inc. All three entities share the same registered agent and the same principal place of business in Wilmington, Delaware.

4. The gravamen of the Motion filed by Defendant LC Homes, Inc. is that it was not incorporated until 2008, the year after the residence was constructed and conveyed. It urges that it cannot be held liable for alleged construction defects that occurred before it even existed.

1

5.     Plaintiff State Farms responds that when State Farm offered a tour of the damaged premises to all potentially responsible parties in 2015, Louis Capano attended, as well as a representative of "LC Homes."

6.     Pointing to the entity creation and dissolution of Louis Capano and Associates, Inc., Plaintiff asks that Defendant's Motion be denied, or at least stayed pending some discovery to determine any potential successor liability that might attach to Defendant. Indeed, appended to its Response to Defendant's Motion to Dismiss is an emailed offer to stipulate to the dismissal of LC Homes, Inc. if Defendant would simply sign an affidavit confirming that it has no successor liability as a result of the dissolution of Louis Capano and Associates, Inc. Defendant's election to eschew that option in favor of filing this Motion seeking dismissal and costs against Plaintiff for having the temerity to name it as a defendant falls into that category of pleadings that "doth protest too much." [1]

7.     The authorities cited by Plaintiff[2] are convincing: the Court should not dismiss the Complaint until such time as Plaintiff has conducted at least limited discovery to determine whether there is some basis to hold Defendant responsible despite the fact that it was incorporated after the date of construction.

---

[1] William Shakespeare, *Hamlet* act 3, sc. 2.

[2] *McClements v. Savage*, 2007 WL 4248481 (Del. Super. Nov. 29, 2007); *Sonitrol Corp. v. Signature Flight Support Corp.*, 2006 WL 3878094 (Del. Super. Dec. 19, 2006).

2

8.     A second basis for denying Defendant's Motion to Dismiss is its appendage of unsworn exhibits to the Motion. Where matters outside the pleadings are presented with a motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[3] While not styled as such, Plaintiff's request is essentially one to take discovery necessary to respond to the motion,[4] which ought rightly be considered under Rule 56, not Rule 12.

For the reasons stated, Defendant's Motion to Dismiss is **DENIED.** The Court is certain that if there is no basis upon which liability might attach to Defendant we will hear from Defendant upon proper pleadings. Its Motion to Dismiss having been denied, Defendant's Motion for Costs of its Motion is likewise **DENIED**.

**IT IS SO ORDERED.**

_____
Judge Charles E. Butler

---

[3] Super. Ct. Civ. R. 12(b)(6).

[4] *See* Super. Ct. Civ. R. 56(f).